IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROLAND WILSON, JR., | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| WARDEN TARMARSHE SMITH, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:21-CV-3494-JPB-LTW |

**FINAL REPORT AND RECOMMENDATION**

Petitioner Roland Wilson, Jr. has filed this counseled 28 U.S.C. § 2254 petition to challenge his March 26, 2012 convictions entered in the Superior Court of Newton County.  This matter is currently before the Court on the petition (Doc. 2) and the answer-response (Doc. 13).  For the reasons that follow, the undersigned **RECOMMENDS** that the petition be **DENIED**.

**I.   Procedural History**

After a Newton County jury convicted petitioner of two counts of felony murder, aggravated battery, and aggravated assault, the trial court imposed a total sentence of life imprisonment.  (Doc. 15-2 at 246-47, 250.)  Attorney Anthony Carter represented petitioner at trial.  (*Id.* at 286-87.)

Still represented by Carter, petitioner appealed, arguing that (1) the evidence was insufficient to support the verdict, (2) the trial court erred by failing to grant a

mistrial when the prosecutor made improper statements in closing argument regarding petitioner's pre-arrest and post-arrest silence, and (3) the trial court erred in admitting hearsay statements. (Doc. 15-4 at 4, 10-21.) The Georgia Supreme Court summarized the evidence presented at trial, which it viewed in the light most favorable to the verdict and found sufficient to support petitioner's convictions, as follows:

> On the evening of July 26, 2009, [William] Okafor had his half-sister, Saronda Reid, and her daughters over for a family barbeque at the house he shared with his mother, Carletta Sharp (Mrs. Sharp), and step-father, Eddie Sharp (Mr. Sharp). Shortly after Reid left, Mrs. Sharp heard a knock on the door; it was [petitioner] and three other men. Mrs. Sharp recognized [petitioner] because he had worked for her since 2008 and was a close family friend who would frequently come to her home for dinner. [Petitioner] had come to talk to Okafor about a video game system that he believed Okafor had stolen from him. Okafor went outside to talk with [petitioner] and the other men, and Mrs. Sharp watched through a window as [petitioner] picked up a brick and hit her son in the back of his head so hard that the brick broke in half. [Petitioner] then jumped in a car with the other men and fled. Okafor was taken to a hospital, where he was diagnosed with a serious closed head injury; he died five days later. The medical examiner determined that the cause of death was blunt impact head trauma.
>
> At trial, Mrs. Sharp identified [petitioner] as the man who hit Okafor with the brick. Mr. Sharp had died before the trial, but Reid testified that minutes after she left the barbeque at her parents' house, her father called her and said that she needed to come back because "they just beat Willie ... It was Roland and them." Mr. Sharp then explained that he had seen [petitioner] grab a brick, pick it up, and hit Okafor. In addition, Walter McFalls testified that, during a card game when they

>were in jail together, [petitioner] admitted hitting Okafor in the head with a brick while bragging about how he would get away with the crime.

*Wilson v. State*, 727 S.E.2d 825, 826 (Ga. 2014).  On April 22, 2014, the Georgia Supreme Court affirmed the trial court's judgment.  *Id.* at 828.

On December 3, 2014, petitioner filed a pro se habeas corpus petition in the Superior Court of Telfair County, arguing that (1) trial counsel provided him ineffective assistance by failing to request a jury charge on the lesser-included offense of voluntary manslaughter, (2) trial counsel also was ineffective for failing to request a jury charge on accident, and (3) he was denied conflict-free counsel on appeal.  (Doc. 14-1 at 1, 5-11.)  Represented by attorney Stephen R. Scarborough, petitioner filed an amended petition, clarifying ground (1) to argue that trial counsel was ineffective for failing to obtain jury instructions on voluntary manslaughter by irresistible passion and through imperfect self-defense and adding ground (4), which asserted that trial counsel also provided him ineffective assistance by failing to engage completely in pretrial negotiations.  (Doc. 14-2.)  During the April 8, 2019, Mr. Scarborough informed the habeas court that petitioner was proceeding only on the grounds raised in the amendment, i.e., grounds (1) an (4), and that petitioner was withdrawing grounds (2) and (3).  (Doc. 15-1 at 32-33.)  On June 2, 2020, the state habeas court entered a written order denying the petition and noted

3

that, in his post-hearing brief, petitioner opted to proceed only on his claim that "trial counsel was ineffective for failing to request and obtain an instruction on voluntary manslaughter, based on mutual combat, transferred intent, and transferred justification." (Doc. 14-3.) The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on December 7, 2020 (Doc. 14-5) and issued its remittitur on January 7, 2021 (Doc. 14-6).

Now represented by attorney Kimberly L. Copeland, petitioner timely filed this § 2254 petition, arguing that: (1) there was insufficient evidence to support his conviction; (2) the trial court erred by failing to grant a mistrial when the prosecutor made improper statements in closing argument regarding petitioner's pre-arrest and post-arrest silence; (3) the trial court erred in admitting hearsay statements; (4)(a) trial counsel was ineffective for failing to request a proper manslaughter charge; and (4)(b) "counsel abandoned other grounds for habeas corpus." (Doc. 2 at 6, 8-9, 11.) Respondent argues that the Georgia Supreme Court's rejection of ground (1) warrants deference, that grounds (2), (3), and (4)(b) fail to state claims for relief, and that the habeas court's rejection of ground (4)(a) warrants deference. (Doc. 13-1 at 3-13.)

**II.    Discussion**

   A.    28 U.S.C. § 2254 Standards

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). In general, a state prisoner who seeks federal habeas corpus relief may not obtain that relief unless he first exhausts his available remedies in state court or shows that a state remedial process is unavailable or ineffective. *Id.* § 2254(b)(1). A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d). "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations and quotation marks omitted).

In applying § 2254(d), a federal court first determines the "clearly established federal law" based on "the holdings, as opposed to the dicta, of [the

5

Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  The court then determines whether the state court decision is "contrary to" that clearly established federal law, i.e., whether the state court "applies a rule that contradicts the governing law set forth" in Supreme Court cases, or "confronts a set of facts that are materially indistinguishable" from a Supreme Court decision "and nevertheless arrives at a [different] result." *Id.* at 405-06.

If the federal court determines that the state court decision is not contrary to clearly established federal law, it then determines whether the decision is an "unreasonable application" of that law, i.e., whether "the state court identifies the correct governing legal principle" from the Supreme Court's decisions "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A federal court may not grant habeas relief "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be [objectively] unreasonable." *Id.* at 409, 411; *see Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law." (quotations omitted)).  In short, when a state court applies clearly established federal law to a

6

claim, federal habeas relief is not available unless the petitioner shows that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Harrington*, 562 U.S. at 103.

Additionally, the state court's determinations of factual issues are presumed correct. 28 U.S.C. § 2254(e)(1). A petitioner can overcome this presumption only by presenting "clear and convincing evidence" that the state court's findings of fact were erroneous. *Id.* "[W]hen the relevant state-court decision . . . does not come accompanied with . . . reasons[,] . . . the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] . . . presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

The undersigned has reviewed the pleadings and exhibits and finds that the record contains sufficient facts upon which the issues may be resolved. As petitioner has not made the showing required by 28 U.S.C. § 2254(e)(2) to entitle him to an evidentiary hearing, the undersigned finds that no federal evidentiary hearing is warranted, and the case is now ready for disposition.

B.	Ground (1): Sufficiency of the Evidence

Petitioner alleges in ground one that there was insufficient evidence to support his conviction. (Doc. 2 at 6.) When reviewing a challenge to the sufficiency of the evidence, a court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "When the record reflects facts that support conflicting inferences, there is a presumption that the jury resolved those conflicts in favor of the prosecution and against the defendant." *Johnson*, 256 F.3d at 1172. "In other words, federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence." Id.

On direct appeal, petitioner argued "that the State's witnesses were unreliable and inconsistent, and note[d] his own testimony that, although he had a physical altercation with Okafor outside the house, Alfred Bryant was the man who hit the victim in the head with a brick." *Wilson*, 757 S.E.2d at 826. The Georgia Supreme Court correctly observed that "it was for the jury to determine the credibility of the witnesses[,] . . . to resolve any conflicts or inconsistencies in the evidence[, and] . . . to decide whether the defense theory that Bryant was the killer

8

was reasonable and not excluded by the other evidence, much of which was direct rather than circumstantial evidence." *Id.* (citations omitted). The Georgia Supreme Court, citing *Jackson*, found that the evidence presented at trial, as summarized above in Section I., "was sufficient to authorize a rational jury to find [petitioner] guilty beyond a reasonable doubt of felony murder." *Id.*

The state court's factual findings are presumed correct because petitioner has not presented "clear and convincing evidence" to show that they are erroneous. 28 U.S.C. § 2254(e)(1). Additionally, petitioner has not met his burden to show that the Georgia Supreme Court's decision was based on an unreasonable determination of the facts or that its rejection of his challenge to the sufficiency of the evidence was contrary to, or involved an unreasonable application of, federal law. *Pair v. Cummins*, 373 F. App'x 979, 981 (11th Cir. 2010) (per curiam) ("[T]he habeas petitioner bears the burden 'to show that the state court applied [the applicable clearly established federal law] to the facts of the case in an objectively unreasonable manner.'"). In fact, the Georgia Supreme correctly applied the *Jackson* standard to petitioner's sufficiency claim, noting that it must defer to the judgment of the jury in assessing witness credibility and in weighing the evidence, and reasonably determined that the jury was free to reject petitioner's defense based on the evidence before it. Therefore, the Georgia Supreme Court's rejection of

9

ground one is entitled to deference. *See Harrington*, 562 U.S. at 101; *Williams*, 529 U.S. at 404-05, 412-13.

C.   Grounds (2), (3), and (4)(b) Fail to State Federal Claims

In grounds (2) and (3), petitioner alleges that the trial court erred by failing to grant a mistrial when the prosecutor made improper statements in closing argument regarding petitioner's pre-arrest and post-arrest silence and by admitting hearsay statements. (Doc. 2 at 8-9.) Petitioner raised these claims on direct appeal as violations of state law. (Doc. 15-4 at 13-21.) "[F]ederal habeas corpus relief does not lie for errors of state law." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (citation omitted); *see also Wilson*, 757 S.E.2d at 826-28 (addressing these claims under state law). Accordingly, grounds (2) and (3) fail to state claims for relief.

Additionally, in ground (4)(b), petitioner contends that "counsel abandoned other grounds for habeas corpus." (Doc. 2 at 11.) This ground also fails to state a claim for relief because "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C.A. § 2254(i).

C.     Ground (4)(a): Assistance of Trial Counsel

In ground (4)(a), petitioner alleges that trial counsel was ineffective for failing to request a proper manslaughter charge. (Doc. 2 at 11.) In this Court's review of the state habeas court's denial of petitioner's ineffective assistance of counsel claims, "the relevant clearly established law [for purposes of 28 U.S.C. § 2254(d)] derives from *Strickland v. Washington*, 466 U.S. 668 (1984), which provides the standard for inadequate assistance of counsel under the Sixth Amendment." *Premo v. Moore*, 562 U.S. 115, 118 (2011). "The pivotal question" before this Court "is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. "This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Id.*

The *Strickland* analysis is two-pronged, but a court need not address both prongs "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. First, a convicted defendant asserting a claim of ineffective assistance of counsel must show that "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. A court analyzing *Strickland's* first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Atkins v.*

11

*Singletary*, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate."); *see also Harrington*, 562 U.S. at 105 ("'Surmounting *Strickland's* high bar is never an easy task.'" (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010))).

In order to meet the second prong of *Strickland*, a petitioner must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. In order to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

When this deferential *Strickland* standard is "combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether 'there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.'" *Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) (quoting *Harrington*, 562 U.S. at 105). "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an

ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." *Id.* at 911.

After correctly setting forth the *Strickland* standard, the state habeas court noted the Georgia Supreme Court's factual finding that petitioner was well known to the eyewitness who testified that she saw petitioner hit Okafor on the back of the head with a brick. (Doc. 14-3 at 3-5.) The state habeas court then noted petitioner's testimony that Okafor "became angry when confronted with being accused of stealing a game system[ and] . . . was the aggressor who charged at petitioner during a 'scuffle'"; that petitioner "deflected the charging [Okafor] away into the side of the house, which dazed [Okafor]"; that Bryant "stuck [Okafor's] head with the brick hard enough to break it in half"; and that petitioner did not know that Okafor "would charge at him or that Mr. Bryant would strike the victim." (*Id.* at 5.) The state habeas court stated,

> This case was determined by credibility. Petitioner's testimony was in direct conflict with the eye witness' statement that she saw petitioner strike her son, the victim, on the back of the head so hard that it "broke the brick in half." She then saw petitioner jump into a car with the other men. Five days later, the victim's head wound proved to be fatal.

(*Id.* at 5-6.) The court noted that "[i]t would have been inconsistent for petitioner to state that he did *not* strike the victim, *but if he did* — then it was out of passion

13

or a response to provocation" and that the jury resolved the conflict in the evidence and found petitioner guilty of felony murder. (*Id.* at 6.) The court then cited trial counsel's testimony that he did not request a jury charge on voluntary manslaughter, which in counsel's opinion "involves mitigation of intent . . . in other words, did the victim do something to provoke [petitioner] to cause a fatal injury," because "there was no evidence of that at all," and that

> . . . even if the victim himself had maybe thrown the first blow, [counsel] still [thought] it very difficult to believe that anyone would have thought that was enough provocation to hit him over the head with a brick. In other words, voluntary manslaughter doesn't mean, *Okay, he punched me, I'm going to punch him back*. That means he did something so bad to you that you couldn't control yourself and you had to kill him. And there was absolutely no evidence of that.

(*Id.* at 6-7 (citing Doc. 15-1 at 28).) The court explained, "[p]etitioner did not state that he struck the victim on the head with a brick out of provocation or passion[, but] denied that he caused the fatal injuries to the victim at all." (*Id.* at 7-8.) The court then cited trial counsel's testimony that he thought they would prevail at trial and "still [could not] believe [they] lost the case"; counsel "did not want [the jury] thinking about voluntary manslaughter *because there's no evidence of it*, and that's a twenty-year felony" and was "not going to give [petitioner] that much of a break." (*Id.* at 8 (citing Doc. 15-1 at 27-28).) The court found that petitioner had not shown that trial counsel's performance was deficient, as counsel reasonably chose not to

14

"request a jury instruction which is unsupported by the evidence." (*Id.* at 8-9.) The court concluded,

> . . . as to the prejudice prong, the petitioner has failed to meet that burden as well. The jury found the petitioner guilty of felony murder. Had trial counsel requested a charge on voluntary manslaughter, it is an unexplained leap that the trial court would have given the charge. And mere speculation that the jury's decision would have been different.
>
> The jury resolved the conflict in the evidence. . . Petitioner's claims of ineffective assistance of counsel consists solely of a general allegation that in hindsight, trial counsel should have done something differently.  Hence, petitioner has not met his burden of proof with regard to his claims of ineffectiveness of trial counsel.

(*Id.* at 9.)

The state court's factual findings are presumed correct because petitioner has not presented "clear and convincing evidence" to show that they are erroneous.  28 U.S.C. § 2254(e)(1).  Additionally, petitioner has not met his burden to show that the state habeas court's thorough and well-reasoned decision was based on an unreasonable determination of the facts or that its rejection of these ineffective assistance of appellate counsel claims was contrary to, or involved an unreasonable application of, *Strickland*.  *Pair*, 373 F. App'x at 981.  It was reasonable trial strategy for counsel not to request a jury charge on voluntary manslaughter because the evidence did not support it, and petitioner has not shown that the trial court

15

would have given the charge or that the jury would have convicted him of the lesser included offense. Therefore, the state habeas court's rejection of ground (4)(a) is entitled to deference pursuant to § 2254(d). *See Harrington*, 562 U.S. at 101; *Williams*, 529 U.S. at 404-05, 412-13; *Johnson*, 643 F.3d at 911.

### III. Certificate of Appealability

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability ["COA"] under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2254 Cases "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted). Where a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability should issue only when the prisoner shows

both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing *Slack*, 529 U.S. at 484).

Based on the foregoing discussion of petitioner's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and a COA is not warranted here.

## IV.  Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this   1   day of   December  , 2021.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE