UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROLAND WILSON, JR, <br><br> Petitioner, <br><br> v. <br><br> TARMARSHE SMITH, <br><br> Respondent. | CIVIL ACTION NO. <br> 1:21-CV-3494-JPB |

# **ORDER**

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 16].  This Court finds as follows:

## **BACKGROUND**

On March 26, 2012, a jury in Newton County Superior Court convicted Roland Wilson, Jr., ("Petitioner"), of two counts of felony murder, aggravated battery and aggravated assault.[1]  Petitioner was subsequently sentenced to life in prison.  To briefly review the facts of Petitioner's case, on July 26, 2009, Petitioner and three other men went to William Okafor's home and accused him of stealing Petitioner's video game system.  While the men were in the front yard talking,

---

[1] Unless otherwise indicated, the facts of this case are drawn from the Report and Recommendation.  See [Doc. 16].

Petitioner struck Okafor in the head with a brick, killing him. Okafor's mother, Carletta Sharp, witnessed the attack and testified at Petitioner's trial. Petitioner appealed, and on April 22, 2014, the Georgia Supreme Court affirmed his convictions and sentence. See Wilson v. State, 757 S.E.2d 825, 826 (Ga. 2014), abrogated in part by State v. Orr, 827 S.E.2d 892, 898 n.5 (Ga. 2019).

On December 3, 2014, Petitioner filed a *pro se* habeas corpus petition in the Superior Court of Telfair County. Later, on July 20, 2018, Petitioner filed an amended petition—that time represented by counsel—in the Superior Court of Macon County (the "state habeas court"). In the amended petition, Petitioner argued that trial counsel was ineffective for failing to engage in pretrial negotiations and for failing to request a jury charge on voluntary manslaughter.[2] The state habeas court denied the amended petition on June 2, 2020. On December 7, 2020, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of habeas corpus relief.

On August 13, 2021, Petitioner filed a 28 U.S.C. § 2254 petition (the "Petition") for a writ of habeas corpus in this Court.[3] [Doc. 2]. Petitioner raised four grounds for relief in the Petition:

---

[2] The amended petition raised other grounds for relief that Petitioner chose not to pursue and that the Court does not review here.
[3] Petitioner is represented by counsel in this action.

>    (1)   there was insufficient evidence to support his conviction;
>    (2)   the trial court erred by failing to grant a mistrial when the prosecutor made improper statements in closing argument about Petitioner's pre-arrest and post-arrest silence;
>    (3)   the trial court erred in admitting hearsay statements;
>    (4)   (a) trial counsel was ineffective for failing to request a proper manslaughter jury charge; and (b) "counsel abandoned other grounds for habeas corpus."

[Doc. 16, p. 4] (quoting [Doc. 2, p. 11]). Magistrate Judge Linda Walker issued a Final Report and Recommendation on December 1, 2021, recommending that the Petition be denied. Id. at 1. Petitioner filed objections to the Report and Recommendation on December 15, 2021. [Doc. 18].

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested

and produces a result compatible with the purposes of the Magistrates Act.'" United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## ANALYSIS

In the Report and Recommendation, the Magistrate Judge reviewed Petitioner's claims and determined that he was not entitled to relief. Because Petitioner objects only to certain conclusions in the Report and Recommendation, the Court limits its discussion accordingly. First, the Magistrate Judge concluded that grounds (2) and (4)(b) failed to state claims for § 2254 relief. Second, with regard to ground 4(a), the Magistrate Judge determined that § 2254(d) requires the Court to defer to the conclusion of the state habeas court that trial counsel was not ineffective. Petitioner objects to these findings. Below, the Court discusses in turn Petitioner's objections as to ground (2) and as to grounds 4(a) and 4(b), both of which pertain to claims for ineffective assistance of counsel.

**A.     Ground (2): Failure to Grant a Mistrial**

Petitioner contests the Magistrate Judge's determination that ground (2)—i.e., Petitioner's assertion that the trial court erred by failing to grant a mistrial when the prosecution commented on Petitioner's pre-arrest silence—did not state a claim for § 2254 relief. The Petition explained the following with respect to this

issue: "The prosecutor argued in his closing that [Petitioner's] failure to contact the police after the attack which was the subject of this case was evidence of [his] guilt." [Doc. 2, p. 8]. Petitioner did not brief this argument or reply to the Government's response, and as such, he did not explain in any detail how or why the prosecutor's comments violated his rights.

However, it seems that Petitioner raised this claim in the appeal of his convictions. In his appellate brief, Petitioner presents the issue in the context of a violation of his Fifth Amendment right to remain silent. Br. of Appellant, Wilson v. State, No. S14A0100, 2013 WL 5776238, at *10–13 (Ga. Oct. 14, 2013). Because a § 2254 petitioner may only raise claims that he exhausted in state court, see § 2254(b)(1)(A), this Court will interpret Petitioner's claim here to be the same Fifth Amendment argument that he pursued before the Georgia Supreme Court.

By way of background, Petitioner testified during his trial and asserted that, although he pushed Okafor when the two "got into a scuffle," a man named Alfred Bryant killed Okafor by hitting him in the head with a brick. [Doc. 15-3, pp. 171, 171–72]. During closing argument, the prosecutor made the following statements about Petitioner's testimony:

> What does an innocent man do if Alfred Bryant picked up the brick? You say, see ya, Alfred Bryant. I'm staying here, and I'm calling the police. That's my friend that's dying on the front lawn of his house.

5

> So maybe he's scared of Alfred Bryant.  What does an innocent man do in that context?  When Alfred Bryant drops him off, he calls the police or at the very least, calls Carletta Sharp and says, oh, my gosh, I know you don't know this guy, but it was Alfred Bryant who had the brick.  He's the one who hit your son.  I am so sorry.
>
> What did he do?  He ran.  Because he knew Carletta Sharp saw him with that brick.  He ran.  What would an innocent man have done?  He would have stayed.  He would have called.

Id. at 261.  After the prosecutor made these comments, Petitioner's trial counsel objected and moved for a mistrial on the basis that the prosecutor's statements were effectively comments on Petitioner's silence.  Id. at 261, 279 *et seq*.  The trial court denied a mistrial but gave "the jury a strong and detailed curative instruction that was drafted by [Petitioner]'s trial counsel and that included a rebuke of the prosecutor."  Wilson, 757 S.E.2d at 828.  On appeal, the Georgia Supreme Court noted that the prosecutor's comments were "clearly improper" but determined that, based on the curative instruction, the trial court did not abuse its discretion in declining to grant a mistrial.[4]  Id.

As a general rule, a prosecutor may not comment on a criminal defendant's exercise of the right to remain silent.  United States v. Hano, 922 F.3d 1272, 1295

---

[4] In a later case, State v. Orr, 827 S.E.2d 892, 898 n.5 (Ga. 2019), the Georgia Supreme Court abrogated the portion of the Wilson decision holding that commenting on a defendant's pre-arrest failure to call the police violated the defendant's Fifth Amendment rights.

(11th Cir. 2019). However, the Eleventh Circuit Court of Appeals has held that the prosecution may comment on a criminal "defendant's silence at any time prior to the issuance of Miranda warnings." United States v. Wilchcombe, 838 F.3d 1179, 1190 (11th Cir. 2016); see also id. ("[The Eleventh Circuit] permit[s] the prosecution to use a defendant's post-arrest, pre-Miranda silence as direct evidence that may tend to prove the guilt of the defendant."). Contrary to Petitioner's contention, the prosecutor's comments during closing argument related only to Petitioner's pre-arrest silence and not to his post-arrest silence. Accordingly, the prosecutor's statements did not violate Petitioner's Fifth Amendment rights. Even if they had done so, under § 2254(d), this Court must defer to the Georgia Supreme Court's determination that, based on the curative instruction, the trial court did not abuse its discretion in refusing to grant Petitioner's motion for a mistrial. Indeed, the Eleventh Circuit recognizes that improper remarks by a prosecutor during trial may be cured by a subsequent instruction from the court. United States v. Weinstein, 762 F.2d 1522, 1542 (11th Cir.) ("[A] prejudicial remark may be rendered harmless by curative instructions to the jury."), modified, 778 F.2d 673 (11th Cir. 1985); see also, e.g., United States v. Hernandez, 145 F.3d 1433, 1439 (11th Cir. 1998). Here, Petitioner did not argue that the state habeas court was unreasonable in concluding that the trial court's instruction cured any potential

error. See § 2254(d) (providing that an application for habeas corpus may not be granted on a claim that was adjudicated on the merits in state court unless the decision was "unreasonable"). Because Petitioner is not entitled to relief on ground (2), his objection on this basis is **OVERRULED**.

**B.      Grounds (4)(a) and 4(b):  Claims for Ineffective Assistance of Counsel**

The remainder of Petitioner's objections lack merit. Regarding ground 4(a), the claim for ineffective assistance of counsel during trial, it is clear from the record that the state habeas court reasonably applied Strickland v. Washington, 466 U.S. 668 (1984), in concluding that Petitioner's trial counsel made a reasonable strategic decision not to seek a jury instruction on voluntary manslaughter.[5] As the state habeas court determined, the evidence did not support this instruction, and the defense theory during trial was innocence rather than mitigation of guilt. In his objections, Petitioner contends that trial counsel did not seek a manslaughter instruction because he wanted to "support his ego"; however, this argument does

---

[5] In his objections, Petitioner argues that trial counsel should have sought an *involuntary* manslaughter instruction, but Petitioner did not raise that claim in the state habeas court and therefore cannot raise it now. See § 2254(b)(1)(A) (requiring a habeas corpus petitioner to "exhaust[] the remedies available in the courts of the State"). Accordingly, to preserve Petitioner's claim, this Court construes it as the same one raised in the state habeas court.

not demonstrate that the state habeas court was unreasonable under § 2254(d). [Doc. 18, p. 6].

Petitioner's assertion in ground 4(b), that counsel did not seek other grounds for habeas corpus, is unsupported by the law. It is well-established that § 2254(i) "explicitly bars" any claim asserting the ineffective assistance of post-conviction counsel. Jimenez v. Fla. Dep't of Corrs., 481 F.3d 1337, 1343 (11th Cir. 2007); see 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under [§] 2254."). Petitioner's objections as to grounds 4(a) and 4(b) are thus **OVERRULED**.

## CONCLUSION

For the reasons discussed above, this Court agrees with the Magistrate Judge that Petitioner failed to demonstrate that he is entitled to habeas corpus relief. Accordingly, Petitioner's objections [Doc. 18] are **OVERRULED**. The Report and Recommendation [Doc. 16] is **ADOPTED** as the order of this Court. The petition for a writ of habeas corpus [Doc. 2] is **DENIED**.

Further, this Court agrees with the Magistrate Judge that Petitioner failed to make "a substantial showing of the denial of a constitutional right," and a

Certificate of Appealability is therefore **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). The Clerk **DIRECTED** to close this case.

**SO ORDERED** this 31st day of May, 2022.

_____
J. P. BOULEE
United States District Judge